The will purported to be executed 11 September, 1826, the day on which the alleged testator died. It was written altogether by another person and was not subscribed by the alleged testator, but was attested by three subscribing witnesses. It purported to convey the testator's whole estate (which it was proved consisted entirely of personalty) to his wife for life, and afterwards to Henry Slade, who was present when the alleged will was made. On the day after its execution it was offered for probate in the county court of Martin, and a probate thereof had in the following words: "This paper-writing, purporting to be the last will and testament of John Pearce, was produced in open court and proved according to law, and on motion was ordered to be recorded." Henry Slade, the legatee in remainder, was not one of the next of kin of the testator. The next of kin were several in number, lived at (42) a distance from each other, and some of them were under the disabilities of coverture and infancy. Upon these facts the county court ordered a re-probate, and the defendants appealed to the Superior Court, where, on the last circuit before his Honor, Judge Pearson, the cause coming on to be heard, it was objected by the defendants that Abram Maer, the administrator with the will annexed, had not properly been made a party, and that the petitioners had by their delay acquiesced in the probate; but both objections were overruled by his Honor, and a re-probate ordered and the defendants appealed.
We are of opinion that the Superior Court did not err in calling in the probate of the alleged will of John Pearce and ordering a re-probate thereof. Without intimating any opinion upon the merits of the controversy, upon which we have neither formed nor have a right to form one, we must see that the former probate was made under circumstances fitted to excite doubts of its propriety. The will purports to be *Page 34 
attested by several subscribing witnesses, but not to be signed by the testator. If attested after his death, then it must have been offered as a nuncupative will, and by law ought not to have been proved as such until after process to the next of kin. If attested in the testator's presence, it is a singular circumstance that there should be attestation without subscription. The will disposes of the whole estate from the relations of the testator, in favor of one present at the making. There should have been no haste in carrying such a will through the forms of a probate; and the testimony in support of it ought to have been very satisfactory. Yet it was proved on the day after it was made — and the record iswholly silent as to the proofs by which it was established. It is right that the validity of this document as a will should be more deliberately and solemnly tried.
(43) There is no presumption of assent to the probate before or when it was made, and when the dispersed situation of the next of kin and the disabilities of several of them as infants and married women are considered, there is not a sufficient ground afforded by the delay in preferring this petition from which to infer an acquiescence in the probate since.
It being impracticable to serve the defendant, Abram Maer, with personal notice of the petition, it was competent for the court to direct such notice by publication as is prescribed by law in cases of suits by petition (1 Rev. Stat., ch. 31, sec. 98).
The order of the Superior Court is affirmed, and this opinion directed to be certified thereto.
PER CURIAM. Judgment affirmed.
Cited: Etheridge v. Corpew, 48 N.C. 18.